PATRICIA RATHMELL, Plaintiff-Appellant, *v.* MALCOLM GARDNER,
Defendant-Appellee.

Third District    No. 81-537

Opinion filed April 15, 1982.

John A. Barra, State's Attorney, of Peoria (Louise Natonek, Assistant State's
Attorney, of counsel), for appellant.

No brief filed for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This cause originates under the Revised Uniform Reciprocal Enforcement of Support Act (URESA) (Ill. Rev. Stat. 1979, ch. 40, par. 1210). Plaintiff, Patricia Rathmell, seeks to compel her ex-husband, Malcolm Gardner, the defendant, to pay support for the couple's children.

The parties were divorced in Summit County, Ohio, on August 15, 1968. As part of the dissolution decree, plaintiff obtained custody of the couple's three children. Defendant was ordered to pay child support of $60 per week. A subsequent support order, entered in an Illinois circuit court on May 10, 1976, increased the support allocation to $250 per month.

Mrs. Rathmell lives in Ohio. Mr. Gardner resides in Peoria, Illinois. On March 2, 1978, plaintiff filed a petition in the common pleas court, Medina County, Ohio, to enforce the support order of the Ohio dissolution decree. By letter, the petition was transmitted to the Peoria circuit court. The State's Attorney prosecuted the petition which was filed in Peoria County on March 19, 1979. On December 9, 1980, a trial judge entered an order that Mr. Gardner was $15,908.77 in arrears for child support. He was ordered to pay $5,000 within 45 days and the balance at $40 per week. Also, commencing December 15, 1980, defendant was ordered to pay $60 a week child support as his current obligation.

Over the next eight months, Mr. Gardner, for the most part, ignored this order. He either failed to appear in court, or when he did, sought continuances. Finally, he was held in contempt and bond was set. Eventually this bond money was used to pay some of the support owed. On July 31, 1981, Mr. Gardner filed a "* * * Motion to Abate Child Support * * *." Therein, he said he did not pay child support because his former wife would not let their minor son come to Illinois to visit him. Purportedly, this denial of visitation occurred over the prior four years.

On August 11, 1981, defendant's petition was granted. The court ordered Mr. Gardner to pay $130 a month child support as a current obligation and $175 a month for arrearages. The money was to be paid to the Peoria County circuit court clerk to be held in escrow until the parties could agree on visitation.

Mrs. Rathmell appeals. She contends the trial court abused its discretion when it conditioned the release of child support payments to her alleged interference with Mr. Gardner's visitation rights. The defendant did not respond nor file a brief. We reverse.

A trial judge has inherent authority to shape equitable remedies which promote the ends of justice. Also, the statute itself recognizes this. (Ill. Rev. Stat. 1979, ch. 40, par. 1203.) But in this cause the trial judge went too far. The single issue before the court was defendant's nonpayment of child support. URESA was implemented for the solitary purpose of enabling a dependent in another locale to enforce existing duties of support against those persons legally liable for that support. Whether defendant's visitation rights were violated was not the issue before the court. In fact, the record is completely silent on the extent of defendant's visitation rights. Moreover, violation of visitation rights does not suspend or excuse Mr. Gardner's failure to comply with his child support obligation. *Hess v. Hess* (1980), 87 Ill. App. 3d 947, 952.

Essentially, defendant is attempting to inject into this URESA proceeding a post-judgment action for a modification of the terms of the original custody order. But a URESA petition is distinct and apart from prior or contemporaneous actions in other related proceedings. (Ill. Rev. Stat. 1979, ch. 40, pars. 1211(b) and 1230; *People ex rel. Kerl v. Kerl* (1979), 75 Ill. App. 3d 347, 349.) Existing duties of support have been established and admitted. Our circuit court confirmed them, and it is defendant's obligation to pay them.

The cause at bar is largely similar to *People ex rel. Winger v. Young* (1979), 78 Ill. App. 3d 512. In *Winger* the noncustodial parent claimed his duty to continue child support payments was negated by the wife having removed herself to Wisconsin and concealing the whereabouts of the couple's child. The trial court ordered child support payments held until the wife granted the husband visitation rights. The Second District Appellate Court reversed, declaring that a responding court lacks authority

988

to withhold child support payments while the parents work out visitation problems. We agree. The Peoria County Circuit Court, as a responding court, has no authority under URESA to make the payment of child support contingent upon any obligation of the custodial spouse. Child support payments are for the maintenance of the children's welfare, not a lever upon which divorced adults can be made to resolve their differences over when or where they will visit their children. Accordingly, we reverse the trial court's order granting the motion for abatement of child support and establishing an escrow account for the payment of such funds. All child support payments paid to the circuit court clerk of Peoria County are to be transmitted without delay to the initiating court in Medina County, Ohio, as they are paid.

For the reasons stated, the order of the trial court is reversed. This cause is remanded to the Circuit Court of Peoria County for further proceedings consistent with views expressed in this. opinion.

Reversed and remanded.

BARRY, P. J., and SCOTT, J., concur.