JACQUELIN S. ALLSUP v. GUY L. ALLSUP, JR.

No. 8726DC666

(Filed 2 February 1988)

1. **Divorce and Alimony § 21.8— South Carolina alimony order—registered under URESA**

    The North Carolina court did not err by confirming registration of South Carolina alimony orders under North Carolina's Uniform Reciprocal Enforcement of Support Act because North Carolina's version of URESA clearly embraces alimony orders. N.C.G.S. § 52A-9.

2. **Constitutional Law § 26.6; Divorce and Alimony § 21.8— registration of modifiable foreign order—no full faith and credit protection—comity recognition**

    Registration under N.C.G.S. § 52A-26 *et seq.* cannot entitle a foreign alimony order that is retroactively not modifiable in the jurisdiction of its rendition to full faith and credit protection under the U. S. Constitution; however, states are free to recognize non-final foreign judgments under the principle of comity, even though not required to do so by the full faith and credit clause.

3. **Divorce and Alimony § 21.8— foreign alimony order—rights and defenses available in original jurisdiction**

    An obligee may not strip an obligor of rights and defenses otherwise available by the simple expedient of litigating under URESA rather than N.C.G.S. § 50-16.9(c); at any enforcement proceeding under N.C.G.S. § 52A-50 the obligor may apply for a new order modifying or superseding the foreign

order to the extent that it could have been so modified in the jurisdiction where granted, and N.C. law applies prospectively from the date of registration.

**4. Constitutional Law § 26.6; Divorce and Alimony § 21.8— foreign alimony order —full faith and credit—harmless error**

In an action involving enforcement of disputed South Carolina alimony orders, the North Carolina trial court's error in ruling that the disputed orders were entitled to full faith and credit was harmless and no denial of due process rights ensued where the trial court did no more than recognize those portions of the foreign orders which it found duly and properly rendered in South Carolina, as comity entitled it to do.

**5. Constitutional Law § 20; Divorce and Alimony § 21.8— foreign alimony order enforceable in North Carolina—no violation of equal protection**

Unequal protection did not result from enforcement by the North Carolina courts of an alimony award obtained in South Carolina merely because South Carolina's law of alimony is not identical to North Carolina's.

**6. Divorce and Alimony § 20.3— enforcement of foreign alimony award—attorney's fee—error**

The North Carolina court erred by awarding attorney fees to the petitioner in an action for the enforcement of South Carolina alimony orders in North Carolina.

APPEAL by respondent from *Bissell, Marilyn R., Judge.* Order entered 29 December 1986 in MECKLENBURG County District Court. Heard in the Court of Appeals 4 January 1988.

This protracted domestic relations matter began in South Carolina in 1978, and since that time there have been some 44 motions filed and numerous orders entered. We summarize the history of the proceedings antecedent to this appeal as follows.

On 29 November 1979 the Family Court of the Fourth Judicial Circuit of South Carolina granted the parties a divorce based on one year's separation and, *inter alia,* ordered respondent to pay petitioner alimony in the sum of $600.00. Shortly after the rendition of this order the parties privately agreed that Ms. Allsup would retain, instead of transmitting to respondent, the social security payments she was receiving in respect to her two minor children and because of her disability (she is a paraplegic), and that respondent would forward each month to petitioner $209.69, representing the difference between the retained social security payment and the $600.00 monthly alimony decreed. By Order entered 15 April 1981 the South Carolina Family Court adopted the

aforesaid private agreement of the parties. In October of 1984 Ms. Allsup filed a Rule to Show Cause, alleging that respondent had failed to comply with the terms of the 15 April 1981 Order. A hearing was held and, on 13 October 1984, the South Carolina Family Court ordered, *inter alia*, that respondent pay the sum of $1,120.00 in arrearages and increase his alimony payments by $280.00 per month—this because petitioner's social security allowance had decreased by that sum when the elder of her two children attained majority. Finally, by Order entered *ex parte* on 15 November 1984 the South Carolina Family Court ruled that respondent was in contempt, issued a warrant for his arrest, and ordered him to pay $1,605.00 in arrearages.

On 12 March 1985 petitioner filed, pursuant to N.C. Gen. Stat. § 52A-26 *et seq.* in Mecklenburg County, North Carolina, a Statement of Fact for Registration of Foreign Support Order and a Notice of Registration of Foreign Support Order, seeking to register the four South Carolina orders referenced above under North Carolina's Uniform Reciprocal Enforcement of Support Act (URESA). Petitioner's Registration of Foreign Support Order was confirmed by Order entered 10 July 1985, then set aside on or about 24 July, then reinstated on 12 August 1985. Thereafter, the parties engaged in discovery. On 17 July 1986 petitioner filed her First Set of Motions seeking, *inter alia*, alimony arrearages, attorney fees, and asking that respondent be adjudged in willful contempt for failure to comply with the South Carolina alimony orders. Mr. Allsup responded by filing a Motion to Modify and Reply to Motion for Contempt, seeking a modification of the alimony award. Soon thereafter respondent also filed a Motion to Amend Pleadings and an affidavit of financial standing. The matter came on for hearing in Mecklenburg County District Court on 20 August 1986. On 29 December 1986, the district court entered the Order and Judgment from which this appeal was taken.

*Petree Stockton & Robinson, by J. Neil Robinson, for petitioner-appellee.*

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr., and Barbara J. Hellenschmidt, for respondent-appellant.*

WELLS, Judge.

In the 29 December Order appealed from the court below ordered, *inter alia*, (1) that the South Carolina alimony support

orders were entitled to full faith and credit and enforcement in North Carolina, (2) that respondent pay petitioner $11,829.99 in alimony arrearages owing through 1 September 1986, (3) that respondent's alimony obligation continue to accrue subsequent to 1 September in the amount of $769.69 per month, (4) that respondent pay petitioner $800.00 in attorney fees, (5) that petitioner's Motion for Contempt be denied, (6) and that respondent's Motion to Amend be allowed and his Motion for Modification be determined at a subsequent hearing. Respondent assigns multifarious errors to the trial court's order and judgment. For the reasons set forth below, we affirm the result of the trial court's decree as to respondent's support obligation. We reverse the award of attorney fees.

[1]  Respondent contends that the trial court erred in confirming registration of the South Carolina alimony orders because (1) the provisions of North Carolina's URESA do not apply to foreign alimony orders and (2) orders pursuant to URESA violate respondent's right to due process and equal protection under the Constitutions of the United States and North Carolina. We disagree. North Carolina's version of URESA clearly embraces alimony orders. N.C. Gen. Stat. § 52A-9 expressly provides: "*All* duties of support including the duty to pay arrearages are enforceable by action irrespective of relationship between the obligor and obligee." (Emphasis added.) We agree with Professor Lee that the language "all duties of support" of G.S. § 52A-9 includes "all common law duties of support and all statutory duties of support, duties growing out of judgments or decrees for alimony or child support, both as to amounts in arrears and as to amounts owed currently or in the future." 2 R. E. Lee, *North Carolina Family Law* § 169 at 342 (4th ed. 1980).

[2]  Respondent's contention that registration of the out-of-state alimony orders under North Carolina's URESA results in a denial to him of due process and equal protection rights cannot succeed. G.S. § 52A-30(a) of our URESA provides:

> (a) Upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this State. It has the same effect and is subject to the same procedures, defenses, and proceedings

Allsup v. Allsup

for reopening, vacating or staying as a support order of this State and may be enforced and satisfied in like manner.

Respondent contends, and petitioner concurs, that once a foreign alimony order is registered under North Carolina's URESA, such order loses its identity as an order of the foreign court and becomes an order of the North Carolina court for all purposes. The thrust of respondent's complaint is that G.S. § 52A-30 impermissibly authorizes the extension of full faith and credit to alimony orders that are modifiable as to past-due installments in South Carolina, strips retroactively (by transubstantiating the foreign orders into North Carolina ones) the obligor of rights and defenses available to him in South Carolina in a manner inconsistent with G.S. § 50-16.9(c), and authorizes North Carolina courts to enforce modifiable foreign orders without a hearing in North Carolina as to the rights and duties established by those orders. Petitioner answers that respondent had an opportunity to present evidence at each and every proceeding conducted in South Carolina and that respondent is not entitled to a new day in court in North Carolina. We are thus called upon not only to appraise the merits of a due process and an equal protection challenge to G.S. § 52A-30 but also to construe that statute *in pari materia* with G.S. § 50-16.9(c), which latter statute provides as follows:

> (c) When an order for alimony has been entered by a court of another jurisdiction, a court of this State may, upon gaining jurisdiction over the person of both parties in a civil action instituted for that purpose, and upon a showing of changed circumstances, enter a new order for alimony which modifies or supersedes such order for alimony *to the extent that it could have been so modified in the jurisdiction where granted.* [Emphasis added.]

We agree with respondent that registration under G.S. § 52A-26 *et seq.* cannot entitle a foreign alimony order that is retroactively modifiable in the jurisdiction of its rendition to the full faith and credit protection of the United States Constitution, since the full faith and credit clause is applicable only to judgments that are unconditional and certain, or at least capable of being made so. 47 Am. Jur. 2d *Judgments* §§ 1267-68 (1969); Lee, *supra*, § 152 at 243 and § 167. Under South Carolina law alimony awards are fully modifiable as to past-due installments, *Alliegro*

*v. Alliegro*, 287 S.C. 154, 337 S.E. 2d 252 (1985), and therefore conditional and uncertain. However, states are free to recognize such non-final foreign judgments under the principle of comity, even though not required to do so by the full faith and credit clause. 47 Am. Jur. 2d, *supra*, § 1270; Lee, *supra*, § 167 at 323; *see also Ellison v. Hunsinger*, 237 N.C. 619, 75 S.E. 2d 884 (1953). We hold that G.S. § 52A-30 authorizes the courts of our State by comity to extend to foreign alimony orders the selfsame recognition and effect due them in the jurisdiction of their rendition.

[3] This Court held in *Pinner v. Pinner*, 33 N.C. App. 204, 234 S.E. 2d 633 (1977), that the provisions of G.S. § 52A-29 and G.S. § 52A-30 contemplate a two-step process: (1) registration and (2) enforcement. The registration is a ministerial duty of the clerk not exercising any power over the obligor's person or property. *Id.* Such registration cannot lawfully transform foreign alimony orders that are modifiable as to past-due installments in the jurisdiction of rendition into North Carolina orders subject to North Carolina law retrospectively. On the contrary, alimony orders registered pursuant to G.S. § 52A-26 *et seq.* retain, for their life span prior to registration, their foreign identity, and the laws of the foreign jurisdiction apply in any subsequent enforcement proceeding. This means that at any enforcement proceeding under G.S. § 52A-30 the obligor may apply, just as at a civil action instituted under G.S. § 50-16.9(c), for a new order modifying or superseding the foreign order "to the extent that it could have been so modified in the jurisdiction where granted." North Carolina law applies prospectively from the date of registration. An obligee may not strip an obligor of rights and defenses otherwise available by the simple expedient of litigating under URESA rather than G.S. § 50-16.9(c).

[4] In the case at bar, even though the trial court technically erred in ruling that the disputed out-of-state alimony orders were entitled to full faith and credit, such error was harmless, and no denial of due process rights ensued. The trial court specifically concluded that the contempt provisions of the South Carolina order of November 1984 were not entitled to enforcement because respondent had not been served as required under South Carolina law. The trial court also ruled to allow respondent's Motion to Amend and to hold open for a later determination his Motion for Modification. It is clear that the trial court did no more

than recognize (as comity entitled it to do) those portions of the foreign orders which it found duly and properly rendered in South Carolina.

[5] Respondent's equal protection argument is meritless. It is idle to contend that unequal protection results where our court enforces an alimony decree obtained in South Carolina merely because South Carolina's law of alimony is not identical to ours. A wife need not relitigate the underlying merits of her claim in every state into which her recalcitrant spouse may stray. Lee, *supra*, § 167 at 324.

[6] We have carefully considered respondent's other assignments of error and find them meritless, bar one. We agree with respondent that the award of attorney fees was without basis in law. Petitioner candidly concedes in his brief that he can find no authority to support this award. Accordingly, we reverse the award of $800.00 in attorney fees.

The order appealed from is

Affirmed in part; reversed in part.

Judges ARNOLD and SMITH concur.