SIXTH DIVISION
 Filed: 3/31/97

No. 1-95-3757

RICHARD ZUBATY, ) Appeal from the
 ) Circuit Court of
 Respondent-Appellant, ) Cook County.
 )
 v. )
 )
AUDREY BEAR, )
 )
 Petitioner-Appellee, )
 )
 and )
 )
ILLINOIS DEPARTMENT OF )
PUBLIC AID, ) Honorable 
 ) R. Morgan Hamilton,
 Intervenor-Appellee. ) Judge Presiding.

 JUSTICE ZWICK delivered the opinion of the court:
 This is an appeal under the Revised Uniform Reciprocal
Enforcement of Support Act (RURESA or the Act) (750 ILCS 15/11
(1994)). Petitioner, Audrey Bear, filed a petition in Florida
against her former husband, Richard Zubaty ("respondent"). The
petition sought an order for child support, medical coverage, and
arrears against respondent, who had moved to Illinois. The
Florida court submitted the petition to the Illinois circuit
court for filing.
 On March 20, 1995, in the circuit court of Cook County, both
petitioner and respondent consented to an agreed order, requiring
respondent to pay $80 per week in current child support for their
two children, and setting an arrearage in the amount of
$13,677.40. The circuit court also entered an order of
withholding against respondent on that date. The court continued
the matter to May 10, 1995, to determine the payment arrangements
for the arrearage.
 On April 20, 1995, respondent filed a motion in the circuit
court, requesting multiple forms of relief. Specifically,
respondent sought (1) a stay of the agreed RURESA support order,
(2) a protective order prohibiting harassment by petitioner, (3)
an injunction requiring petitioner to provide respondent with
full and unconditional access to his children, and (4) an order
impounding the child support payments until respondent was
permitted such full and unconditional access. In the alternative,
respondent moved for the circuit court to declare section 23 of
RURESA unconstitutional. The Illinois Department of Public Aid,
represented by the Illinois Attorney General, intervened in the
proceedings. 
 On September 22, 1995, following a hearing on respondent's
motion, the circuit court entered an order denying respondent the
relief he had requested. The court determined it lacked subject
matter jurisdiction over the issues raised by respondent and that
the Florida courts were the appropriate forum to decide those
issues. The court also denied respondent's request to declare
section 23 of RURESA unconstitutional. The court ordered the
establishment of a payment plan for the arrearage of $13,677.40.
Respondent was ordered to pay $80 per week for current support,
and $20 per week for arrearage. An order of withholding was also
entered on that date. 
 Respondent filed his notice of appeal on October 20, 1995.
 On appeal, respondent first contends the circuit court
improperly denied his motion seeking injunctive and other relief.
He claims the circuit court improperly denied him an evidentiary
hearing on the issues raised in his motion. 
 The purposes of RURESA, formerly the Uniform Reciprocal
Enforcement of Support Act (URESA) (see Ill. Rev. Stat. Ch. 68,
pars. 50-59 (1967)), is to "extend by reciprocal legislation the
enforcement of duties of support." 750 ILCS 20/1 (1994). RURESA
was passed as "a mechanism by which an individual to whom a duty
of support is owed (the obligee) can compel the person owing the
duty (the obligor) to abide by it when absent from the
jurisdiction in which the obligee resides without the [obligee]
having to leave that jurisdiction to obtain enforcement." People
ex rel. LeGout v. Decker, 146 Ill. 2d 389, 391, 586 N.E.2d 1257
(1992). 
 RURESA itself does not create a duty of support; rather, it
provides a means by which to enforce a duty of support as it may
exist under the law of the responding state. Johnson v. Johnson,
264 Ill. App. 3d 662, 636 N.E.2d 1013 (1994). 
 The RURESA multi-state procedure begins with the obligee's
filing of a RURESA petition in the appropriate court of the
initiating state. 750 ILCS 20/14 (1994). Upon the filing of the
petition, the initiating state court assesses whether the
petition sets forth facts from which it can be determined that
there is a duty owed and that the responding state may obtain
jurisdiction of the obligor or his property. 750 ILCS 20/14
(1994). Once the initiating state court determines that further
proceedings are warranted, the court forwards the petition to the
responding state court. 750 ILCS 20/14 (1994).
 The responding state court, upon receipt of the RURESA 
petition, notifies the prosecuting state's attorney, who is
required to prosecute the case diligently, taking all action
necessary to enable the court to obtain jurisdiction over the
obligor, setting a time and place for hearing, and serving notice
upon the obligor. 750 ILCS 20/17 (1994). The purpose of the
RURESA hearing is to determine whether the obligor owes a duty of
support, and the certified copy of the support order from the
initiating state court constitutes evidence of such a duty. 750
ILCS 20/20 (1994); 750 ILCS 20/23 (1994). If the responding state
court finds that a duty of support exists, it "may order the
obligor to furnish support or reimbursement therefor and subject
the property of the obligor to the order." 750 ILCS 20/24 (1994).
Additionally, an order for withholding must be entered separately
at that time, which shall take effect immediately. 750 ILCS
20/26.1(B)(1)(1994).
 In order to promote RURESA's purpose, the scope of RURESA
jurisdiction is limited to issues involving child support. See
Paredes v. Paredes, 118 Ill. App. 3d 27, 454 N.E.2d 1014, (1983)
(holding that duty of support is paramount issue in URESA
proceeding). The court in Paredes stated:
 "The goal to be achieved under URESA is to
 provide a separate and independent forum to
 promptly and expeditiously enforce the duty
 of support without allowing complex
 collateral issues to become involved."
 Paredes, 118 Ill. App. 3d at 30. 
To that end, the various provisions of RURESA collectively limit
the class of cases that the responding court has the power to
hear. 
 First, RURESA states that remedies under the Act are "in 
addition to and not in substitution for any other remedies." 750 
ILCS 20/3 (1994); People ex rel. Gribbins v. Skopitz, 135 Ill.
App. 3d 76, 78, 481 N.E.2d 815, (1985). According to the Act, the
RURESA petition is separate and distinct from prior or
contemporaneous actions in related proceedings, such as
dissolution of marriage, legal separation, adoption, or custody. 
See 750 ILCS 20/30 (1994) (stating that responding court shall 
not stay or refuse to hold RURESA proceedings due to the
existence of a prior or pending action in this or any other 
state); Rathmell v. Gardner, 105 Ill. App. 3d 986, 987, 434
N.E.2d 1156, 1157 (1982).
 Furthermore, section 23 of RURESA indicates that the
responding court has no subject matter jurisdiction over issues
of visitation or custody. 750 ILCS 20/23 (1994). Section 23
states in relevant part: 
 "The determination or enforcement of a duty
 of support owed to one obligee is unaffected
 by any interference by another obligee with
 rights of custody or visitation granted by a
 court." 750 ILCS 20/23 (1994). 
The term "obligee" as used in this section refers both to the
minor child and his or her custodial parent. See generally, In re
Marriage of Ryall, 154 Cal. App. 3d 743, 201 Cal. Rptr. 504, 510-
11 (1984); Muller v. Muller, 212 N. J. Super. 665, 515 A.2d 1291,
1293-94 (1986). 
 Finally, consistent with the statutory limitation on subject
matter jurisdiction expressed in section 23, section 32 of the
Act states that participation in any RURESA proceeding does not
subject a party to any court's jurisdiction in any other
proceeding. 750 ILCS 20/32 (1994). 
 In applying these provisions of RURESA, the Illinois courts
have consistently held that the responding state court is
strictly limited with regard to subject matter jurisdiction and
personal jurisdiction. In accordance with section 23 of RURESA,
the courts have rejected the argument that the responding state
court may consider collateral domestic relations issues, such as
visitation, custody, or recoupment of support from the obligee in
RURESA proceedings. People ex rel. Winger v. Young, 78 Ill. App.
3d 512, 397 N.E.2d 253, (1979) (visitation); Rathmell, 105 Ill.
App. 3d at 987-88 (visitation); Gribbins, 135 Ill. App. 3d at 79
(recoupment raised as a counterclaim). In addition, pursuant to
section 32, this court has rejected the argument that parties
participating in RURESA proceedings thereby subject themselves to
the personal jurisdiction of the responding court or in other
independent proceedings. Paredes, 118 Ill. App. 3d at 32. 
 In sum, domestic relations matters that arise out of the
original dissolution proceedings or require modification of the
terms of the divorce decree must be litigated in a proceeding
independent of a RURESA action, before a court that has subject
matter jurisdiction and personal jurisdiction over those issues.
See Gribbins, 135 Ill. App. 3d at 79. The Uniform Child Custody
Jurisdiction Act ("UCCJA"), 750 ILCS 35/1 et seq. (1994) is the
uniform act that governs the interstate litigation of custody and
visitation, and dictates the proper forum in which to raise such
issues. 750 ILCS 35/2 (1994); see also Egan v. Bass, 644 N.E.2d
1272, 1275 (Ind. Ct. App. l994). UCCJA requires such proceedings
to occur in the "home state" of the child. 750 ILCS 35/4 (1994).
The home state is defined in UCCJA as the state in which the
child has lived with his parent for at least six consecutive
months immediately preceding the time involved. 750 ILCS 35/3.04
(1994). 
 In light of the limited nature of the personal and subject
matter jurisdiction created by RURESA, and the overall
legislative scheme embodied in both RURESA and UCCJA, we conclude
that the circuit court properly determined Florida, rather than
Illinois, is the appropriate forum in which to raise the
allegations set out in respondent's motion. 
 Respondent recognizes that RURESA jurisdiction is limited in
nature, but argues that he has alleged in his motion tortious
conduct by petitioner which exceeds interference with his
visitation and custody rights. He claims that his ex-wife's
interference with his right to maintain a relationship with his
children is so outrageous as to not be pre-empted section 23. In
simplest terms, we do not agree with respondent's
characterization. While attempting to couch his allegations as
stating more than visitation interference, visitation is the crux
of his claims, and such claims are not properly considered in a
RURESA proceeding.
 Respondent's reliance upon Cooper v. Cooper, 59 Ill. App. 3d
457, 375 N.E.2d 925 (1978), and Weinert v. Weinert, 105 Ill. App.
3d 56, 433 N.E.2d 1158 (1982), is misplaced. Neither of these
cases involved RURESA proceedings. If respondent wishes to base
arguments on the equitable and case-specific principles
underlying those decisions, he must do so in the Florida courts
which have proper jurisdiction to hear such matters. See Fla.
Stat.  61.14(1)(l995).
 We turn to respondent's equal protection claims. Respondent
argues that section 23 of RURESA denies him equal protection
because noncustodial parents who live in Illinois and whose
children live in Illinois have access to legal mechanisms to
enforce their parental access rights, while he, as a RURESA
respondent, cannot. 
 Illinois courts employ the same analysis in assessing equal
protection claims under both the Federal and State Constitutions.
People v. Shephard, 152 Ill. 2d 489, 605 N.E.2d 518, 523 (1992).
When a challenge has been raised as to whether a statutory
classification meets the requirements of equal protection, that
classification must be presumed to be valid. Fumarolo v. Chicago
Board of Education, 142 Ill. 2d 54, 109, 566 N.E.2d 1283 (1990).
Our supreme court has held that "in the absence of a fundamental
right or suspect classification, the legislature may even
differentiate between persons similarly situated if there is a
rational basis for doing so." Jenkins v. Wu, 102 Ill. 2d 468,
477, 468 N.E.2d 1162 (1984). If the challenged legislation
neither discriminates against a suspect class nor implicates a
fundamental right, the rational basis test applies. Jenkins, 102
Ill. 2d at 477. Under that test, the statute must simply bear a
rational relationship to a legitimate governmental interest.
Chicago National League Baseball Club v. Thompson, 108 Ill. 2d
357, 368, 483 N.E.2d 1245 (1985).
 Whether section 23 of RURESA violates equal protection of
the laws presents an issue of first impression in Illinois.
Opinions by other state courts, however, which are instructive,
have previously considered and rejected equal protection
challenges to RURESA that are similar to the one now raised by
respondent. Egan v. Bass, 644 N.E.2d 1272, 1274-75 (Ind. Ct. App.
1994); Gambino v. Gambino, 396 So. 2d 434, 438 (La. Ct. App.
1981); Allsup v. Allsup, 88 N.C. App. 533, 363 S.E.2d 883, 885-86
(N.C. Ct. App.), aff'd, 323 N.C. 603, 374 S.E.2d 237 (1988);
Hammitt v. Howard, 99 Ohio App. 3d 463, 651 N.E.2d 20, 23 (1994);
Cuccia v. Cuccia, 773 S.W.2d 928, 931 (Tenn. Ct. App. 1989). 
 First, we note that respondent, an obligor in a RURESA
proceeding whose children live outside of Illinois, is not
similarly situated with an Illinois noncustodial parent whose
children do reside in Illinois. This is because the Illinois
court does not have general jurisdiction over the obligee and the
children, outside the narrow confines of the RURESA proceeding.
750 ILCS 20/32 (1994). In contrast, when the noncustodial parent
and the minor children reside in Illinois, the custodial parent
of the children, and thus the obligee, also would reside in this
state. We therefore reject respondent's contention that he is
"similarly situated" with other Illinois fathers who are
permitted to raise collateral issues in support proceedings as
was the case in Cooper and Weinert. 
 Moreover, Illinois has a legitimate state interest in
enforcing child support obligations reciprocally and in a
streamlined fashion, by allowing the custodial parent access to
the courts in the the obligor's state of residence. See Egan, 644
N.E.2d at 1274. The statutory scheme of RURESA, under which
section 23 limits the subject matter jurisdiction, and section 32
limits the personal jurisdiction, is reasonable and has a fair
relationship to that goal. As the Ohio Court of Appeals stated in
Hammitt:
 "Simply because the statute is written so
 that it limits the scope of matters within
 the jurisdiction of the court does not make
 it violative of equal protection. The
 limitations in the statute are reasonable in
 light of the purpose of URESA, which is to
 enforce support obligations." Hammitt, 651
 N.E.2d at 23. 
Issues of custody, visitation, and other matters collateral to
the support issue cannot be raised before the responding court in
a RURESA proceeding simply because those questions have the
potential to "cripple the interstate mechanism for enforcement of
support obligations." Egan, 644 N.E.2d at 1274-75. 
 Respondent argues that the legislative scheme of section 23 
of RURESA is not reasonably related to a legitimate state
interest because the provision discourages him from paying
support to children with whom he has no "real relationship."
Respondent's argument, however, is insufficient to demonstrate
that there is no rational relationship between the classification
and the State's interests. His argument merely voices
disagreement with the General Assembly's determinations regarding
which competing interests in domestic relations disputes should
be given priority, and fails to show that section 23 is
unconstitutional. See Federal Communications Commission v. Beach
Communications, Inc., 508 U.S. 307, 113 S. Ct. 2096, 2101, 124 L.
Ed. 2d 211 (1993) ("[I]f there is any reasonably conceivable
state of facts that could provide a rational basis for the
classification," the statute must be upheld.)
 We turn to respondent's due process arguments which, we
note, appear not to have been made in the trial court. See People
v. Sales, 195 Ill. App. 3d 160, 161, 551 N.E.2d 1359 (failure to
raise due process as issue in trial court results in waiver). In
any event, putting aside issues of waiver which we note are
limitations on the parties only (Geise v. Phoenix Co. of Chicago,
Inc., 159 Ill. 2d 507, 514, 639 N.E.2d 1273 (1994)), we find
respondent's due process arguments uncompelling. 
 Respondent argues that section 23 of RURESA, by precluding
him from obtaining an evidentiary hearing on parental access,
violates his rights to procedural due process under the State and
Federal Constitutions. Specifically, he contends that he was
improperly denied the right to conduct discovery, and thereafter
to present and examine witnesses at the RURESA proceeding
regarding the issue of his access to his children. 
 Like respondent's equal protection challenge, the question
of whether section 23 of RURESA deprives an obligor of procedural
due process is an issue of first impression in Illinois. The
courts of other states, however, have previously considered and
rejected procedural due process challenges to RURESA that are
similar to the ones now raised by respondent. Dewar v. Le Nard,
653 P.2d 82, 83 (Colo. Ct. App. (1982); Hammitt v. Howard, 90
Ohio App. 3d 463, 651 N.E.2d 20, 23 (1994). 
 As we have discussed, respondent's motion raising matters
collateral to support issues was properly rejected by the circuit
court on jurisdictional grounds. Regardless of respondent's
arguments on appeal that a full evidentiary hearing on his
parental access rights would not "interfere with the legitimate
interests of enforcing duties of support," he has failed to show
that the lack of that hearing violated his rights to procedural
due process. In Hammitt, the Court of Appeals of Ohio considered
a substantively similar issue, and rejected the argument of
unconstitutionality, stating:
 "[A]ppellant has not been deprived of the
 companionship of his child without a fair
 process or procedure simply because the trial
 court did not address the issue of
 visitation. On the contrary, appellant may
 pursue his right to visitation in another
 action in another forum. No decision by the
 trial court in this case precludes appellant
 from being granted visitation and, thus,
 appellant has not had his due process rights
 denied with regard to visitation simply
 because the issue has not been addressed in
 conjunction with this case." Hammitt, 651
 N.E.2d at 23. 
Hammitt is on point. The fact that section 23 of RURESA precludes
respondent from obtaining a hearing on the collateral issues he
wishes to raise in the Illinois courts does not deprive him of
procedural due process under the State or Federal Constitutions.
As to the support order entered in Illinois, our review indicates
that respondent received the process that was due, and as to the
collateral issues, the procedures he seeks are available to him
in Florida, the State where his ex-wife and children reside. 
 For the foregoing reasons, the judgment of the circuit court
of Cook County is affirmed.
 AFFIRMED.
 GREIMAN, P.J., and QUINN, J., concur.