THE PEOPLE *ex rel.* FRANCINE M. WINGER, Petitioner-Appellant, *v.* ARTHUR C. YOUNG, Respondent-Appellee.

Second District   No. 79-159

Opinion filed November 20, 1979.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for appellant.

Joseph C. Owens, of Chicago, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The sole issue presented by this case is whether a child support order under the Uniform Reciprocal Enforcement of Support Act (URESA) (Ill. Rev. Stat. 1977, ch. 40, pars. 1201-1242) may provide that the court clerk withhold transmittal of child support payments until the custodial parent makes the child available for visitation to the parent ordered to pay support.

Petitioner, Francine M. Winger (wife), and respondent, Arthur C. Young (husband), were divorced in 1974. The divorce decree, entered by the Circuit Court of Cook County, awarded custody of the parties' minor child to the wife. Husband was granted reasonable rights of visitation and ordered to pay $25 per week for child support. Wife and the child subsequently moved to Wisconsin without giving notice to husband, effectively depriving him of his right of visitation.

Wife filed a petition in Wisconsin for child support payments due and owing. Pursuant to the terms of URESA (Ill. Rev. Stat. 1977, ch. 40, par. 1218 *et seq.*) the petition was then filed in Du Page County, the domicile of husband. Husband filed an answer to the petition.

In his answer, and in his argument before the trial court, husband maintained that his duty to continue paying child support was negated by wife's having moved to Wisconsin and her keeping the child's whereabouts hidden from him. After a hearing, the trial court ordered husband to pay $25 per week child support to the court clerk, but further ordered the clerk not to disburse the funds to the Wisconsin Court or to the wife until the wife granted husband visitation rights. The State appeals, on behalf of wife, from that part of the trial court's order withholding disbursement.

■■ The purpose of the Uniform Reciprocal Enforcement of Support Act is to secure support for dependent children from persons legally responsible for their support. (*People ex rel. Hartshorn v. Hartshorn* (1959), 21 Ill. App. 2d 91, 157 N.E.2d 563; Ill. Rev. Stat. 1977, ch. 40, par. 1201.) Under the Act, a responding court, here the Circuit Court of Du Page County, is required "to transmit to the initiating court [here the Wisconsin court] any payment made by the obligor [here the husband] pursuant to any order of the court or otherwise; ° ° °." (Ill. Rev. Stat. 1977, ch. 40, par. 1228(1).) The initiating court is then assigned the duty of disbursing "forthwith" all payments it receives. (Ill. Rev. Stat. 1977, ch. 40, par. 1229.) No provision is made for either the responding court or the initiating court to condition disbursement of support payments on any obligation of the custodial spouse. In *Thibadeau v. Thibadeau* (1974), 133 Ga. App. 154, 210 S.E.2d 340, the court held that under similar provisions of the Georgia version of URESA, a responding court did not have authority to condition support payments upon a requirement that the initiating court be kept informed of the exact location of the custodial spouse and minor child.

■■ The husband in the instant case makes three arguments in support of his contention that a responding court may premise the transmittal of support payments upon a condition such as visitation. First husband argues that our supreme court in *Wick v. Wick* (1960), 19 Ill. 2d 457, 167 N.E.2d 207, sanctioned the placing of support payments in an escrow account as a means of enforcing visitation rights. However, husband overstates the holding of *Wick*. The court in that case reversed the husband's contempt citation, but stopped far short of approving the procedure adopted by the husband. Indeed the court acknowledged the general rule that support money may ordinarily be compelled even though the child has been removed from the jurisdiction of the court contrary to the terms of the decree. (19 Ill. 2d 457, 461, 167 N.E.2d 207, 210.) The proper remedy for the violation of visitation rights is a petition for a rule to show cause why the noncomplying party should not be held in contempt. The duty to permit visitation is completely independent of the duty to make support payments. (*Comiskey v. Comiskey* (1977), 48

Ill. App. 3d 17, 25, 366 N.E.2d 87, 93.) To hold otherwise would be to punish the child for the misconduct of the custodial parent.

Husband's second argument is that the duty of support may be relieved under the doctrine of equitable estoppel when the custodial spouse fails to make timely demands for support payments. In support of this argument, husband cites *Anderson v. Anderson* (1964), 48 Ill. App. 2d 140, 198 N.E.2d 342, *Martin v. Comer* (1975), 25 Ill. App. 3d 1038, 324 N.E.2d 240, and *In re Estate of Neirinck* (1978), 62 Ill. App. 3d 189, 379 N.E.2d 356. However, each of these cases concerns attempts to collect past due payments. They in no way control an order for present support payments under URESA.

Finally husband points to section 509 of the Marriage and Dissolution of Marriage Act which provides:

> "If a party fails to comply with a provision of a judgment, order or injunction, the obligation of the other party to make payments for support or maintenance or to permit visitation is not suspended; but he may move the court to grant an appropriate order." (Ill. Rev. Stat. 1977, ch. 40, par. 509.)

In essence he argues that the order of the trial court withholding support payments is an "appropriate order" given the wife's conduct. However, as discussed above, the linking of child support to visitation rights is clearly inappropriate. If husband can substantiate his claims, the "appropriate order" in a case such as this is one holding the wife in contempt of the original divorce decree. Husband's reliance on *Cooper v. Cooper* (1978), 59 Ill. App. 3d 457, 375 N.E.2d 925, is misplaced. The court in that case found that it was proper to hold a hearing to consider terminating support payments in the face of allegations that the wife was "poisoning the children's minds" against the husband. The *Cooper* court specifically recognized that "a mere violation of visitation terms will not excuse the father's obligation to support his children." It found, however, that petition there alleged more than interference with visitation. 59 Ill. App. 3d 457, 464, 375 N.E.2d 925, 931.

■■ We hold that under URESA a responding court lacks authority to withhold child support payments until a custodial parent makes the child available for visitation. Accordingly, the judgment of the Circuit Court of Du Page County is reversed to the extent it imposes a condition on the transmittal of support payments.

Reversed and remanded.

SEIDENFELD and WOODWARD, JJ., concur.