CELIA Z. PAREDES,[1] Plaintiff and Counterdefendant-Appellee, *v.* FERNANDO JESUS PAREDES, Defendant and Counterplaintiff-Appellant (State of Utah, Plaintiff-Appellee).

First District (5th Division)   Nos. 83—362, 83—994 cons.

Opinion filed August 5, 1983.—Rehearing denied October 18, 1983.

---

[1]The original caption in the Utah certification reads: "Celia Z. Paredes and STATE OF UTAH, BY AND THROUGH DIRECTOR, DEPARTMENT OF SOCIAL SERVICES, AND Petitioner vs. Fernando Jesus Paredes Respondent.

Terrence Michael Jordan, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Catherine Quattrocchi and James Kogut, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE MEJDA delivered the opinion of the court:

This action was initiated by the State of Utah to obtain reimbursement of public aid monies paid to Celia Z. Paredes (Celia) for the support of the children of Celia and Fernando Jesus Paredes, respondent, pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (URESA) (Ill. Rev. Stat. 1981, ch. 40, par. 1201 *et seq.*). In appeal No. 83—362, respondent appeals from the order of the circuit court striking those portions of his answer stating certain affirmative defenses and also striking his counterclaim against Celia. In appeal No. 83—994 respondent appeals from a final order entered *sua sponte* dismissing without prejudice the entire case after a hearing on the merits but before entry of judgment. The two appeals are consolidated for review.

The following issues are raised on appeal: (1) whether in an URESA proceeding for reimbursement of public aid monies paid out as child support by an assignee State to an assignor-recipient, respondent can raise affirmative defenses alleging the recipient's fraud and ineligibility to receive those funds; (2) whether in an URESA action for reimbursement of such public aid a recipient named as a co-petitioner has submitted herself to the jurisdiction of the Illinois courts so as to be subject to respondent's counterclaim for maintenance and damages for fraud and conversion; and (3) whether the trial court erred in dismissing this case *sua sponte* without prejudice after trial on the merits but before entry of judgment.

The State of Utah on January 13, 1983, filed an original petition for reimbursement of support in the District Court of the Third Judicial District in and for Salt Lake City, Utah, pursuant to its Uniform Reciprocal Enforcement of Support Act (URESA) (Utah Code Ann. sec. 77—31—1 *et seq.* (1982)) to obtain reimbursement of monies paid to Celia for the support of the parties' children during the years 1973

through 1978. The petition recited that respondent's liability to the State had not been determined by court order but that a decree of divorce held child support in abeyance. It requested judgment and reimbursement of support arrearages of $9,893 and an order for support against respondent as deemed fair and reasonable. Exhibits attached to the petition included: a certified statement of public assistance rendered; an assignment dated January 16, 1973, from Celia to the Utah State Division of Family Services of the Department of Social Services of all monies payable to her and/or her children as alimony and/or support from respondent as a condition of receiving public assistance in Utah; a computation of arrearages of $9,893; and a certified Utah default decree of divorce granted Celia on February 1, 1968, reciting service by publication and reserving support, alimony and attorney fees until personal service could be had. The Utah court certified that the pleadings were in "proper form" and ordered "that this certificate, together with three certified copies of the petition, be transmitted to the circuit court of Cook County."

The Utah petition was filed in the circuit court and personal service was had upon the respondent. He filed an answer alleging affirmative defense against Celia and a counterclaim naming her as counterdefendant. The affirmative defense alleged that Celia had practiced a fraud upon the State of Utah by misrepresenting her financial status and eligibility to receive support payments, including an allegation that as a member of the Mormon Church she was ineligible for public assistance from the State of Utah "for the reason that the Mormon Church provides support of children of Mormons and the State is a source of support only as a last resort." The counterclaim contained three counts, the first alleging fraud, the second conversion, and the third for maintenance. The facts contained in the counterclaim parallel those set forth in support of the affirmative defenses. Respondent's answer admitted that he is the father of the children named in the petition; that the order dissolving their marriage did not provide for child support; and that Celia executed an assignment of her rights, if any, to receive child support payments from the State of Utah. All other allegations of the petition were generally denied. After a hearing, respondent's affirmative defenses were stricken and he was denied leave to plead over. Respondent's counterclaim was also stricken. The court found no just cause to delay enforcement or appeal of those orders, and respondent initiated an interlocutory appeal (No. 83–362). Subsequently, after a hearing on the merits of the URESA petition, the trial court entered its order of April 5, 1983, which, *sua sponte,* dismissed the petition without prejudice. Respond-

ent also appeals this order (No. 83—994).

OPINION

Petitioner first contends that in an URESA action for reimbursement of public assistance paid by the State of Utah for support of his minor children, he has the right to raise affirmative defenses alleging the recipient's (Celia's) fraud and ineligibility to receive public assistance in Utah. The merits of this contention, however, are dubious in the first instance in that the Utah petition seeks recovery of public assistance paid to the parties' *children* and does not involve public assistance paid for the benefit of Celia. Thus, Celia's ineligibility for Utah public assistance does not even appear to have been an issue framed by the URESA petition. Accordingly, we believe that the trial court did not err in striking these defenses as immaterial or "collateral" on these grounds.

■ Notwithstanding the above, we believe that the affirmative defenses asserted herein are not proper subject matter in the context of an URESA proceeding for reimbursement of public assistance paid to a respondent's children. The primary purpose of URESA is to secure support for dependent children from persons legally responsible for their support. (*People ex rel. Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, 416 N.E.2d 278; *People ex rel. Winger v. Young* (1979), 78 Ill. App. 3d 512, 397 N.E.2d 253.) The goal to be achieved under URESA is to provide a separate and independent forum to promptly and expeditiously enforce the duty of support without allowing complex collateral issues to become involved. (*Thompson v. Kite* (1974), 214 Kan. 700, 522 P.2d 327.) Section 24 of URESA provides that if the responding court finds a duty of support it may order the obligor to furnish support or reimbursement therefor. (Ill. Rev. Stat. 1981, ch. 40, par. 1224.) Clearly, the duty of support is the paramount issue in an URESA action.

Under section 2 of URESA, " 'duty of support' " means a duty of support "whether imposed or *imposable by law*" and includes the duty to pay "arrearages of support past due and unpaid." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 40, par. 1202.) Section 8 of URESA permits a sister State which has furnished support to an individual obligee to initiate a proceeding under URESA for the purpose of securing reimbursement for support furnished from one having the duty of support. (Ill. Rev. Stat. 1981, ch. 40, par. 1208.) This section permits the State of Utah to stand in the recipient's place to secure reimbursement, but it does not enlarge the expressed purpose of URESA. *Oetjen; Chance v. LaPausky* (1979), 43 Md. App. 84, 402 A.2d 1329.

■ Upon a reading of the entire Act, we conclude that the State of Utah may recover under URESA if it can be shown that the Illinois respondent has an imposed or imposable duty to support his minor children, that it has furnished support to these children, and that the alleged amounts are due and unpaid by him. The respondent's affirmative defenses herein, however, raise matters which we consider to be collateral to the relevant URESA issues. Accordingly, we conclude that the trial court did not err in striking those portions of his answer as to the affirmative defenses.

The second issue raised is whether Celia as co-petitioner in an URESA proceeding has submitted herself to the jurisdiction of the Illinois court so as to be subject to counterclaims for maintenance, fraud and conversion. Respondent argues that under the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—608) he is entitled to bring a counterclaim for any relief so long as the court has jurisdiction over the subject matter and the parties. He relies on the rule that a court of original jurisdiction such as the circuit court of Cook County may adjudicate all justiciable matters before it. See *In re Marriage of Papeck* (1981), 95 Ill. App. 3d 624, 420 N.E.2d 528.

The URESA proceeding is a separate, independent action to enforce support obligations, and the remedies provided under the Act are "in addition to and not in substitution for any other remedies." (Ill. Rev. Stat. 1981, ch. 40, par. 1203; *People ex rel. Oetjen v. Oetjen* (1980), 92 Ill. App. 3d 699, 416 N.E.2d 278.) Thus, strictly speaking, URESA proceedings are governed by URESA and not by the Code of Civil Procedure. Section 32 of the Illinois URESA states: "Participation in any proceeding under this Act does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding." (Ill. Rev. Stat. 1981, ch. 40, par. 1232.) Other jurisdictions interpreting this URESA provision have consistently struck down the theory that a petitioner by initiating a URESA proceeding has submitted herself to the general jurisdiction of the responding State court. (See, e.g., *McDowell v. Orsini* (1976), 54 Cal. App. 3d 951, 127 Cal. Rptr. 285; *Thibadeau v. Thibadeau* (1974), 133 Ga. App. 154, 210 S.E.2d 340; *Blois v. Blois* (Fla. App. 1962), 138 So. 2d 373.) In *Ibach v. Ibach* (1979), 123 Ariz. 507, 600 P.2d 1370, the Arizona Supreme Court held that section 32 of URESA, as generally interpreted, precludes counterclaims based merely on the theory that plaintiff by initiating the procedure had submitted herself to the jurisdiction of the court of the responding State for other purposes. Accordingly, it was held that when a person initiates an action for support under the Act respondent cannot counterclaim for divorce or raise issues concerning child

custody or visitation privileges or other matters commonly determined in domestic relations cases.

■ We believe that the above principles are in accord with the purposes to be served by URESA. Under the Act, parties should be able to participate freely without exposing themselves to the danger of submitting to the jurisdiction of the responding court or in other independent proceedings. (*Thompson v. Kite* (1974), 214 Kan. 700, 522 P.2d 327.) Accordingly, we find that the order striking respondent's counterclaim brought in an URESA action was properly granted under section 32 of the Act. Ill. Rev. Stat. 1981, ch. 40, par. 1232.

Finally, respondent urges that the trial court erred in *sua sponte* dismissing the URESA action "without prejudice" after a hearing on the merits but before entry of judgment. We agree. Section 2—1301(a) of the Code of Civil Procedure provides that:

> "(a) The court *shall* determine the rights of the parties and grant to any party any affirmative relief to which the party may be entitled on the pleadings and proofs. ***" (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 110, par. 2—1301(a).)

Under this provision, the parties are entitled to a judgment on the merits of the case. We do not express or intend any opinion thereon. Accordingly, the order of dismissal without prejudice is vacated and the cause remanded for such further proceedings as may be deemed necessary for an adjudication on the merits not inconsistent with the views expressed herein.

For the reasons stated, the orders of the circuit court striking respondent's affirmative defenses and counterclaim are affirmed; the order dismissing the case without prejudice is vacated and the cause remanded.

Affirmed in part; dismissal vacated; cause remanded.

WILSON, P.J., and SULLIVAN, J., concur.