BLUE, Judge.
The Department of Revenue, on behalf of Louise Schneider (the mother), appeals the trial court’s order in an action brought by the mother under URESA, the Uniform Reciprocal Enforcement of Support Act, chapter 88, Florida Statutes (1993). The Department argues that the trial court lacked jurisdiction to consider the counter-petition by James Schneider (the father) and that it erred in awarding support to the father for the time prior to the mother’s filing of the petition. We agree that the trial court lacked jurisdiction and reverse. Because we are reversing on the first issue, we find it unnecessary to discuss the Department’s second issue.
*1030 The Schneiders, parents of two children, were divorced in New Jersey in 1988. The father subsequently moved to Florida where he currently resides while the mother remained in New Jersey. The mother was awarded primary residential custody of both the son and the daughter and the father was ordered to pay child support. In November 1993, the mother filed a URESA petition seeking support for the daughter and payment of child support arrearages. The father filed an answer, raising the affirmative defenses of set-off and estoppel based on his allegation that the son had been living with him since December 1992. The father also filed a counter-petition, seeking child support and arrearages for the son. The record does not contain any orders from New Jersey modifying the original custody order.
After a hearing, the trial court found that it had jurisdiction over the petition and counter-petition. The court then found that the father would owe child support for the daughter in the amount of $262.45 per month and the mother would owe child support for the son in the amount of $284.44 per month. The mother was ordered to pay $21.88 per month as the net difference. The trial court further found that the mother’s support obligation was retroactive to February 1993, which eliminated the arrearage owed to her and created an arrearage of $262.56 owed to the father. The mother was ordered to make her payments through the Central Governmental Depository for Pasco County.
Section 88.291, Florida Statutes (1993), provides that “[pjarticipation ⅛ any proceeding under this act does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding.” The Department argues that the trial court lacked jurisdiction to consider the father’s counter-petition under this section. We agree. See Gibson v. Gibson, 536 So.2d 1139, 1140 (Fla. 3d DCA 1988) (holding that the trial court lacked jurisdiction to entertain the father’s counter-petition to modify the foreign judgment in a URESA action initiated by the mother). Although the counter-petition was outside its jurisdiction, the trial court may consider the father’s affirmative defenses and may decide that the mother’s claim is negated by these defenses. See Gibson.
Reversed and remanded for further proceedings.
CAMPBELL, A.C.J., and WHATLEY, J., concur.