671 N.E.2d 93 (1996)
283 Ill. App.3d 907
219 Ill.Dec. 428
In re H.R. and M.R., Alleged Abused/Neglected Minors, (the People of the State of Illinois, Petitioner-Appellant,
v.
Thomas Radecki and Diane Zdunich f/k/a Radecki, Respondents-Appellees).
No. 4-96-0206.
Appellate Court of Illinois, Fourth District.
October 7, 1996.
*94 John C. Piland, Champaign County State's Attorney, Urbana, Norbert J. Goetten, Director, State's Attorneys Appellate Prosecutor, Robert J. Biderman, Deputy Dir., Leslie Hairston, Staff Atty, State's Attorneys Appellate Prosecutor, Springfield, for People.
Robert G. Kirchner, Lerner & Kirchner, Champaign, for Diane Zdunich.
Thomas Radecki, Pro Se.
Dan Kennedy, Guardian Ad Litem, Champaign, for H.R., M.R.
Justice McCULLOUGH delivered the opinion of the court:
The State appeals from a March 15, 1996, order of the circuit court of Champaign County dismissing the petition for adjudication of wardship of H.R. (born May 9, 1990) and M.R. (born December 16, 1992). The only issue on review is whether the trial court committed an abuse of discretion by dismissing the petition for adjudication of wardship on the ground the hearing had not been completed within the 90 days set by section 2-14 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2-14 (West 1994)). We reverse and remand for further proceedings.
The State's arguments on appeal are (1) the trial court's reliance on In re S.G., 277 Ill.App.3d 803, 214 Ill.Dec. 583, 661 N.E.2d 437 (1996), appeal allowed, 166 Ill.2d 540, 214 Ill.Dec. 761, 662 N.E.2d 115 (1996), was erroneous because that decision did not recognize that the 90-day period in section 2-14 of the Act violated the separation of powers clause of the Illinois Constitution (Ill. Const.1970, art. II, § 1); and (2) the statutory language did not mandate dismissal if the adjudicatory hearing had been started, but not completed, within the 90-day period. Respondent mother is not a party to this appeal. However, respondent father initially argues that the State's arguments are waived because they were not raised in the trial court. It is clear from a reading of the transcript of the hearing on the motion to dismiss that the State argued the decision in S.G. was distinguishable on its facts and the 90-day provision in section 2-14 of the Act did not require dismissal in this case. In addition, the question of the constitutionality of the statute may be raised at any time. People v. Bryant, 128 Ill.2d 448, 453-54, 132 Ill.Dec. 415, 417-18, 539 N.E.2d 1221, 1223-24 (1989). Therefore, we decline to find waiver.
The separation of powers issue is not addressed as it is unnecessary to disposition of this appeal. Courts generally do not address constitutional issues unnecessarily, i.e., where a case may be resolved on other grounds. Exchange National Bank v. Lawndale National Bank, 41 Ill.2d 316, 321, 243 N.E.2d 193, 195 (1968); In re Marriage *95 of Bennett, 225 Ill.App.3d 828, 830, 167 Ill.Dec. 308, 310, 587 N.E.2d 577, 579 (1992).
Even though the Supreme Court of Illinois has granted a petition for leave to appeal in S.G., we will decide this case instead of staying it pending the decision of the supreme court in S.G. because of the distinctions between the two cases and because of the potential for harm to H.R. and M.R.
Section 2-14 of the Act reads, in relevant part:
"(a) Purpose and policy. The legislature recognizes that serious delay in the adjudication of abuse, neglect, or dependency cases can cause grave harm to the minor and the family and that it frustrates the best interests of the minor and the effort to establish permanent homes for children in need. The purpose of this Section is to insure that, consistent with the federal Adoption Assistance and Child Welfare Act of 1980, Public Law 96-272, as amended, and the intent of this Act, the State of Illinois will act in a just and speedy manner to determine the best interests of the minor, including providing for the safety of the minor, identifying families in need, reunifying families where it is in the best interests of the minor, and, if reunification is not in the best interests of the minor, finding another permanent home for the minor.
(b) When a petition is filed alleging that the minor is abused, neglected or dependent, an adjudicatory hearing shall be held within 90 days of the date of service of process upon the minor, parents, any guardian and any legal custodian.
(c) Upon written motion of a party filed no later than 10 days prior to hearing, or upon the court's own motion and only for good cause shown, the Court may continue the hearing for a period not to exceed 30 days, and only if the continuance is in the best interests of the minor. When the court grants a continuance, it shall enter specific factual findings to support its order, including factual findings supporting the court's determination that the continuance is in the best interests of the minor. Only one such continuance shall be granted. A period of continuance for good cause as described in this Section shall temporarily suspend as to all parties, for the time of the delay, the period within which a hearing must be held. On the day of the expiration of the delay, the period shall continue at the point at which it was suspended.
The term `good cause' as applied in this Section shall be strictly construed and be in accordance with Supreme Court Rule 231(a) through (f). Neither stipulation by counsel nor the convenience of any party constitutes good cause. If the adjudicatory hearing is not heard within the time limits required by subsection (b) or (c) of this Section, upon motion by any party the petition shall be dismissed without prejudice.
(d) The time limits of this Section may be waived only by consent of all parties and approval by the court." (Emphasis added.) 705 ILCS 405/2-14 (West 1994).
In S.G., the petition for adjudication of wardship was filed on April 28, 1992, alleging sexual abuse and injurious environment. A temporary custody hearing was conducted that day, and custody was temporarily removed from the mother. When the mother was released from jail after criminal charges were dismissed, she requested a second temporary custody hearing, which was conducted on June 22, 1992. The children's fathers were given notice by publication and were defaulted on September 1, 1992. Following a continuance for good cause from the original November 10, 1992, hearing date, the hearing was begun on December 15, 1992. The appellate court in S.G. summarized the proceedings between September 1, 1992, and the March 12, 1993, determination of neglect as follows:
"Space does not permit us to provide details of the proceedings on each of the 21 occasions this case was heard between April 28, 1992, and March 12, 1993, when the adjudication hearing was completed. Suffice it to say that the trial judge kept trying to find time for the hearing, Pearlie [(the mother)] continuously asked for a trial, the State answered ready, lawyers made motions and objections, and the case was heard piecemeal after a perfunctory *96 beginning on December 15, 1992, finally getting under way on March 8, 1993." S.G., 277 Ill.App.3d at 806, 214 Ill.Dec. at 585, 661 N.E.2d at 439.
At the March 8, 1993, hearing, the trial court denied the mother's motion to dismiss. In S.G., the appellate court held that, since the triggering event was the September 1, 1992, default of the fathers, the statute was not satisfied when the trial judge heard opening statements and one nonessential witness on December 15, 1992. S.G., 277 Ill.App.3d at 807-08, 214 Ill.Dec. at 586, 661 N.E.2d at 440.
To the extent that the S.G. court held that the adjudication must be completed within the time limit set forth in section 2-14, we disagree. In the case at bar, there is no dispute that the hearing began within the 90-day period provided by the statute. The original petition was filed on November 9, 1995. On that date, a shelter-care hearing was conducted at which both respondent parents appeared in person and by counsel. The ninetieth day after November 9, 1995, was February 7, 1996. The adjudicatory hearing began on February 2, 1996. At that hearing, the court heard extensive testimony from the psychiatrist treating respondent mother. After the psychiatrist's testimony, the adjudicatory hearing was continued to March 20, 1996. However, respondent mother filed a motion to dismiss which was granted on March 15, 1996.
The statutory language does not require dismissal of a petition for wardship where the adjudicatory hearing has begun, but not been completed, within the 90-day period set forth in the statute. Section 2-14(b) of the Act requires that the adjudicatory hearing be "held" within the 90-day period.
"The question before us is one of statutory interpretation. The fundamental canon of construction is to ascertain and give effect to the intention of the legislature. Varelis v. Northwestern Memorial Hospital, 167 Ill.2d 449, 454 [212 Ill.Dec. 652, 657 N.E.2d 997] (1995). Courts will look first to the words of the statute (Metropolitan Life Insurance Co. v. Washburn, 112 Ill.2d 486, 492 [98 Ill.Dec. 50, 493 N.E.2d 1071] (1986)), for the language used by the legislature is the best indication of legislative intent (Kirwan v. Welch, 133 Ill.2d 163, 165 [139 Ill.Dec. 836, 549 N.E.2d 348] (1989); County of Du Page v. Graham, Anderson, Probst & White, Inc., 109 Ill.2d 143, 151 [92 Ill.Dec. 833, 485 N.E.2d 1076] (1985)). When the statutory language is clear, no resort is necessary to other tools of interpretation. Henry v. St. John's Hospital, 138 Ill.2d 533, 541 [150 Ill.Dec. 523, 563 N.E.2d 410] (1990). Moreover, courts should not, under the guise of statutory construction, add requirements or impose limitations that are inconsistent with the plain meaning of the enactment. People ex rel. LeGout v. Decker, 146 Ill.2d 389, 394 [166 Ill.Dec. 928, 586 N.E.2d 1257] (1992); In re Estate of Swiecicki, 106 Ill.2d 111, 120 [87 Ill.Dec. 511, 477 N.E.2d 488] (1985)." Nottage v. Jeka, 172 Ill.2d 386, 392, 217 Ill.Dec. 298, 300, 667 N.E.2d 91, 93 (1996).
Where technical terms are employed in a statute, they will be given their technical meaning if that is the context in which they are employed. Maiss v. Metropolitan Amusement Ass'n, 241 Ill. 177, 181, 89 N.E. 268, 269 (1909); Department of Public Works & Buildings v. Wishnevsky, 131 Ill.App.2d 702, 704, 267 N.E.2d 355, 356 (1971); see Galowich v. Beech Aircraft Corp., 92 Ill.2d 157, 165-66, 65 Ill.Dec. 405, 408, 441 N.E.2d 318, 321 (1982) (technical meaning of "costs"). As it relates to court proceedings, "hold" means "[t]o administer; to conduct or preside at; to convoke, open, and direct the operations of." Black's Law Dictionary 731 (6th ed. 1990) (definition number six of "hold"); see also Black's Law Dictionary 724 (6th ed. 1990) (definition of "held" states "[i]n reference to the decision of a court, means decided," also refers reader to definition of "hold").
Section 2-14(b) requires that the adjudicatory hearing be "held" within 90-days of the date service of process is had on the necessary parties.
Section 2-14(c) allows for one 30-day continuance which suspends the period during which the hearing must be "held." Section 2-14(c) also provides that the petition shall be dismissed without prejudice if the adjudicatory *97 hearing is not "heard" within the limitations of section 2-14(b) or (c). We disagree with the S.G. court's interpretation of "heard." Although the matter must be "heard," that is not synonymous with "concluded." Witnesses and parties may be "heard" at a hearing on a matter which is not concluded. See Black's Law Dictionary 721 (6th ed. 1990) (definition of "hearing"). A hearing need not be concluded and the decision of the tribunal need not be made for the matter to be in the process of being "heard." It must be recognized that the number and availability of witnesses affects when the hearing will be concluded. The legislature could not have reasonably meant that a hearing, though commenced, must be halted and the cause dismissed because of the illness of one of the witnesses, or that the parties to the proceeding would simply be denied the opportunity to present witnesses who would not be available on time.
Interestingly, in this case and in S.G., it was one or both of the respondent parents who moved for dismissal, not a guardian ad litem for the children. While one of the express purposes of the statute is to prevent grave harm to minors and families by less than diligent court proceedings (705 ILCS 405/2-14(a) (West 1994)), the overall purpose of the Act is to safeguard the children (see 705 ILCS 405/1-2(1) (West 1994)). Giving the persons alleged to be endangering the children the opportunity to retain custody of the children simply because an adjudicatory hearing, though started, has not been concluded within the 90-day period is not consistent with the overall purpose of the Act. Therefore, we construe section 2-14 of the Act as requiring that the adjudicatory hearing be commenced within 90 days.
The beginning of the adjudicatory hearing within 90 days in the case at bar satisfied the statute, and the dismissal of this case was an abuse of discretion. The judgment of the circuit court of Champaign County is reversed, and the cause is remanded for further proceedings.
Reversed and remanded.
COOK, P.J., and GARMAN, J., concur.