THE DEPARTMENT OF PUBLIC AID *ex rel.* RANDALL R. JONES, Petitioner-Appellant, v. YANA D. JONES, Respondent-Appellee.

Fourth District   No. 4—96—0734

Opinion filed March 25, 1998.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Janon E. Fabiano, Assistant Attorney General, of counsel), for appellant.

Yana D. Jones, of Jacksonville, appellee *pro se*.

JUSTICE KNECHT delivered the opinion of the court:

This action was initiated by the State of Florida on behalf of Randall Jones to obtain an order for child support against respondent, Yana Jones, pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (RURESA) (750 ILCS 20/1 *et seq.* (West 1996)). Petitioner, Illinois Department of Public Aid *ex rel.* Randall Jones, appeals from the order of the circuit court of Morgan County finding Yana owed Randall a duty of child support but Randall owed a duty of child support in the same amount to Yana pursuant to an order

entered in their dissolution of marriage proceedings and, accordingly, set off Randall's duty of support against Yana's duty of support and ordered no funds be exchanged between the parties. The issue raised on appeal is whether a trial court in a RURESA action for child support can also consider and enforce an order for a child support arrearage entered in the dissolution of marriage proceedings. We conclude it may not.

A judgment of dissolution of marriage between Randall and Yana Jones was entered by the circuit court of Macon County, Illinois, in September 1983. Yana was given sole custody of the minor child born to the parties and Randall was ordered to pay $85 per week as "partial and unallocated maintenance and child support" for one year commencing August 12, 1983, and $70 per week as child support thereafter until further order of the court. In June 1994, the child, Miranda, began living in Florida with Randall with Yana's consent.

On November 8, 1994, the State of Florida Department of Revenue on behalf of Randall filed a petition under Florida's Revised Uniform Reciprocal Enforcement of Support Act (1968) (Fla. Stat. Ann. § 88.011 *et seq.* (West 1987)) in the circuit court of Brevard County, Florida, to obtain a child support order against Yana. The petition alleged Yana resided in Jacksonville, Illinois, and Randall had custody of the parties' minor child.

The Florida court issued an order finding the petition and testimony set forth facts from which it may be determined Yana owed a duty of support to Randall and Yana was believed to reside in Jacksonville, Illinois. The petition was sent to the Illinois Department of Public Aid (Department) and filed in the circuit court of Morgan County pursuant to sections 14 and 18 of RURESA. 750 ILCS 20/14, 18 (West 1996). The Illinois Department of Public Aid *ex rel.* Randall Jones was the named petitioner. On November 15, 1995, the petition and a summons were served on Yana.

On January 11, 1996, Yana filed a motion in the circuit court of Macon County to transfer venue of the postjudgment dissolution proceedings to the circuit court of Morgan County because that was the county where she now lived and where the RURESA petition against her had been transferred. On March 4, 1996, the court granted Yana's motion.

A hearing was held on the RURESA petition on May 16, 1996. Yana was the only witness. Yana testified her daughter Miranda had been living with Randall with her consent since June 1994. She further testified she worked at Hertzberg and J.C. Penney. At Hertzberg she earned $7.36 per hour and worked 40 hours per week and at J.C. Penney she earned $5.30 per hour and worked 8 hours per week.

Over objection of the assistant Attorney General representing the Department, the trial court admitted a copy of a letter dated February 26, 1996, sent by the Department to Yana, advising her of Randall's arrearages in child support under the judgment for dissolution of marriage. Also admitted over objection was an order entered by the circuit court of Orange County, Florida, dated October 30, 1995, finding Randall was in arrears in child support payments. This order was captioned "Final Order on Contempt on Report and Recommendation of the Hearing Officer and Order to Abate Child Support." In the body of the order Randall was specifically found not in willful contempt of court for failing to pay child support. The record also contains another order entered that same date by the Florida court that abated the amount Randall's employer was deducting as child support and the employer was to deduct $10 per week toward an arrearage of $3,524.17 established in Florida.

On June 6, 1996, the trial court entered a written order finding Yana was the custodial parent of Miranda pursuant to the judgment of dissolution entered in Macon County; the order of the Macon County circuit court requiring Randall to pay $85 per week as child support remained in full force and effect; and Randall was in contempt of court both in Morgan County and Orange County, Florida, for failure to pay child support. Based on these findings the court:

> "orders [Yana] to pay [Randall] the sum of $85.00 per week to satisfy the Uniform Reciprocal Enforcement of Support Order so long as the minor child of the parties resides with [Randall] with her permission or until the minor attains majority whichever occurs first. It is the intention of the court that this payment shall act as a setoff of the order requiring [Randall] to pay child support in the amount of $85 per week and that no funds will actually be transferred."

On June 14, 1996, the Department filed a motion to vacate the court's order contending a RURESA action was limited to the allegations of that petition and a court considering the RURESA petition had no jurisdiction in that proceeding to consider any other matters between the parties, including actions to enforce a judgment of dissolution. Therefore, the trial court could make no findings concerning Randall's arrearages under the judgment of dissolution and evidence concerning that arrearage was not relevant for purposes of the RURESA proceeding. The trial court denied the motion and this appeal followed.

The trial court determined since the Macon County judgment of dissolution had been transferred to Morgan County circuit court, the

court had jurisdiction over both it and the RURESA petition. The court stated it was a court of equity in family law matters and Randall did not have clean hands in asking for support from Yana when he was in arrears under the judgment of dissolution. However, the court recognized the duty of support Yana owed under Illinois law was to her child and not to Randall and RURESA was a valid enforcement mechanism for that obligation. With both parties owing support to each other, the trial court held no money should actually change hands as Randall's support obligation would be set off against Yana's obligation.

The trial court made a sincere effort to be practical. In ordering the setoff, the court was apparently considering the significant arrearages owed by Randall to Yana, and the fact Randall was legally obligated to honor the support order entered in the dissolution case even though he had physical custody of the child. In the effort to be practical, the trial court exceeded its authority.

The sole question for review is whether a trial court in a RURESA proceeding is limited to considering only the RURESA respondent's (Yana's) duty of support and whether the trial court exceeded its authority by addressing and enforcing Randall's child support obligations under the judgment of dissolution. Because we have been asked to determine as a matter of law whether the trial court has overstepped its authority under RURESA, our review is *de novo* and we give no deference to the trial court's ruling. *S.B. Lexington, Inc. v. Near North Insurance Agency, Inc.*, 244 Ill. App. 3d 1023, 1030, 614 N.E.2d 234, 238 (1993). After examining RURESA and judicial decisions interpreting it, we find in a RURESA proceeding the court is *limited* to considering the respondent's duty of support. The trial court here exceeded its authority by addressing and enforcing Randall's child support obligation established in the dissolution of marriage proceedings.

■ RURESA authorizes the procedure for civil proceedings to compel the support of dependents within and without the State of Illinois. 750 ILCS 20/1 (West 1996).

> "RURESA provides a mechanism by which an individual to whom a duty of support is owed (the obligee) can compel the person owing the duty (the obligor) to abide by it when absent from the jurisdiction in which the obligee resides without the obligee's [sic] having to leave that jurisdiction to obtain enforcement." *People ex rel. LeGout v. Decker*, 146 Ill. 2d 389, 391, 586 N.E.2d 1257, 1258 (1992).

RURESA provides "[a]ll duties of support, including the duty to pay arrearages, are enforceable by a proceeding under this Act includ-

ing a proceeding for civil contempt." 750 ILCS 20/9 (West 1996). RURESA does not create a duty of support but provides the means to enforce a duty of support as it exists under the laws of the state where the obligor was present during the period for which support is sought. *Johnson v. Johnson*, 264 Ill. App. 3d 662, 664, 636 N.E.2d 1013, 1014 (1994).

■ Under RURESA, a duty of support is defined as one:

> "*imposed or imposable by law* or by order or judgment of any court, whether interlocutory or final or whether incidental to an action for dissolution of marriage, legal separation, or otherwise and includes the duty to pay arrearages of support past due and unpaid." (Emphasis added.) 750 ILCS 20/2(b) (West 1996).

A duty of support under RURESA includes one that exists under law but has not been previously imposed by a court order. *People ex rel. Lightbody v. Lightbody*, 117 Ill. App. 3d 119, 121, 451 N.E.2d 890, 891 (1983). Under RURESA, where a duty of support exists but has not been adjudicated, a support order may be entered for the first time in a RURESA proceeding. 750 ILCS 20/24 (West 1996); *Lightbody*, 117 Ill. App. 3d at 121, 451 N.E.2d at 891.

■ In order to initiate a multistate proceeding under RURESA, the obligee must file a RURESA petition in the appropriate court of the obligee's state of residence—the initiating state. 750 ILCS 20/11 (West 1996). The initiating state court then assesses whether the petition sets forth facts from which it can be determined there is a duty of support owed, and the responding state court may obtain jurisdiction of the obligor or his property. 750 ILCS 20/14 (West 1996). Once the initiating state determines further proceedings are warranted, the court forwards the petition to the responding state court or information agency, in this case the Department. 750 ILCS 20/14 (West 1996).

After receipt of the petition, the Department forwards the petition to the court in Illinois that has jurisdiction over the obligor or his property. 750 ILCS 20/14 (West 1996). The responding court then notifies the prosecuting attorney, who takes all action necessary to enable the court to obtain jurisdiction over the obligor, set a time and place for hearing, and serve notice upon the obligor. 750 ILCS 20/18 (West 1996). If the responding state court finds a duty of support exists, it "may order the obligor to furnish support or reimbursement therefor and subject the property of the obligor to the order." 750 ILCS 20/24 (West 1996). Upon entry of an order for support, the court enters a separate order for withholding, which shall take effect immediately. 750 ILCS 20/26.1(B)(1) (West 1996). Thus, when Illinois law imposes a duty of support on Yana payable to Randall, the circuit court should enter an order of support and an order for withholding.

■ Under Illinois law, both a mother and a father have an obligation to financially support their children. *In re Marriage of Duerr*, 250 Ill. App. 3d 232, 238, 621 N.E.2d 120, 125 (1993). In order to be entitled to an order of child support, a parent need not have legal custody of a child, but only physical custody. See *Nelson v. Nelson*, 17 Ill. App. 3d 651, 653-56, 308 N.E.2d 132, 134-36 (1974). Accordingly, the trial court correctly determined Yana owed a duty of child support payable to Randall because Miranda had been residing with Randall since June 1994. However, the court erred in offsetting that obligation against Randall's obligation to pay child support under the judgment of dissolution of marriage.

■ The purpose of RURESA is to secure support for dependent children from persons legally responsible for their support. *LeGout*, 146 Ill. 2d at 396, 586 N.E.2d at 1260. To achieve that purpose, RURESA provides "a separate and independent forum to promptly and expeditiously enforce the duty of support without allowing complex collateral issues to become involved." *Paredes v. Paredes*, 118 Ill. App. 3d 27, 30, 454 N.E.2d 1014, 1017 (1983). The remedies provided under RURESA "are in addition to and not in substitution for any other remedies." 750 ILCS 20/3 (West 1996). In order to accomplish its goals, RURESA provides for a proceeding separate from any related proceedings and strictly limits the issues to be resolved in such proceedings. *Paredes*, 118 Ill. App. 3d at 31, 454 N.E.2d at 1017.

■ In addition, the defenses available to a respondent in a RURESA proceeding are limited:

> "If the action is based on a support order issued by a court or administrative body of this or any other State, a certified copy of the order shall be received as evidence of the duty of support, subject only to any defenses available to an obligor with respect to paternity *** or to a defendant in an action or a proceeding to enforce a foreign money judgment." 750 ILCS 20/23 (West 1996).

A court's personal jurisdiction over the parties is also limited, as RURESA provides "[p]articipation in any proceeding under this Act does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding." 750 ILCS 20/32 (West 1996).

■ In construing the provisions of RURESA, the Illinois Supreme Court has stated courts shall consider decisions of other states that have adopted RURESA or its predecessor statute (URESA), and shall construe the statute in accordance with such decisions. *LeGout*, 146 Ill. 2d at 397, 586 N.E.2d at 1260-61. Thus, we note courts have held a court's authority under RURESA is limited to adjudicating the respondent's duty of support. *State ex rel. Van Buren County Department of Social Services v. Dempsey*, 600 So. 2d 1019, 1023 (Ala. Civ.

App. 1992) (the court "is not authorized by statute to determine issues arising from the divorce decree unless they are determinative of the defendant's duty of support"); *Vecellio v. Vecellio*, 313 So. 2d 61, 62 (Fla. Dist. Ct. App. 1975) ("[RURESA] was strictly limited to the adjudication of the duty of support").

As a result of the limitations on a court's jurisdiction under RURESA, courts have expressly rejected the argument the responding state court may consider collateral domestic relations issues, such as visitation, custody or recoupment of support from the petitioner, in a RURESA proceeding. *People ex rel. Gribbins v. Skopitz*, 135 Ill. App. 3d 76, 481 N.E.2d 815 (1985) (recoupment); *Rathmell v. Gardner*, 105 Ill. App. 3d 986, 434 N.E.2d 1156 (1982) (visitation); *People ex rel. Winger v. Young*, 78 Ill. App. 3d 512, 397 N.E.2d 253 (1979) (visitation); *State of Florida Department of Revenue ex rel. Schneider v. Schneider*, 667 So. 2d 1029 (Fla. Dist. Ct. App. 1996) (counterclaim for child support and arrearages); *Van Buren County*, 600 So. 2d 1019 (counterclaim for arrearages).

One of the closest factual scenarios to the instant case is found in *Van Buren County*. There, the mother, a resident of Alabama, had been awarded custody of the parties' son and the father, a resident of Michigan, was ordered to pay child support. The mother later consented to the child living with the father in Michigan although the record does not indicate legal custody was ever changed. The father did not petition the court for child support from the mother. However, after several years, the child began to receive aid from the Van Buren County, Michigan, Department of Social Services (DSS). *Van Buren County*, 600 So. 2d at 1021.

As a result, DSS filed a petition under Alabama's URESA against the mother seeking reimbursement for the support it paid to her child and to establish the mother's duty to pay future child support to the father. The mother filed an answer and a counterclaim for arrearages in child support from the father. After a hearing, the trial court issued an order establishing the mother's duty to pay child support, found the father to be $9,000 in arrears and allowed the mother to set off this amount against the child support she owed the father. *Van Buren County*, 600 So. 2d at 1021.

The appellate court held in a URESA proceeding the issue to be determined by the trial court was whether the respondent mother owed a duty of child support and the court was not authorized by URESA to determine issues arising out of the divorce decree that were not determinative of the mother's duty of support. *Van Buren County*, 600 So. 2d at 1022-23. The court explained a URESA action is not a substitute "for any remedy already available to enforce the

divorce decree" and found the "issue of the father's arrearage had no bearing on the issue brought in the URESA petition; it is a separate matter requiring proof of unrelated facts." *Van Buren County*, 600 So. 2d at 1023.

The court in *Van Buren County* went on to discuss the fact the real party in interest was DDS and not the father and URESA did not authorize the state prosecuting the petition to defend the petitioning parent on counterclaims arising from the divorce decree. Therefore, the father in that case was not represented by counsel and did not appear at the hearing, nor did the record indicate he had even received notice of the counterclaim. *Van Buren County*, 600 So. 2d at 1023. While in this case no counterclaim was actually filed requiring notice nor was the RURESA petition initiated by a government agency after supplying public aid to Miranda, it is clear the issue of Randall's arrearage under the judgment of dissolution had no bearing on Yana's duty of support and, therefore, was outside the authority of the trial court to consider in a RURESA action. For this reason, we must reverse the trial court's order that the previously ordered child support payable by Randall should be set off against the support under RURESA owed by Yana to Randall.

We must also remand to the trial court to properly determine the amount of child support owed by Yana. Possibly because the trial court simply set off Randall's support obligation against Yana's obligation, it set her support obligation in the same amount Randall had been ordered to pay in the dissolution proceeding, $85 per week. The court made no findings as to the amount of her obligation. Such findings, including gross income, applicable deductions, and a calculation of the amount that should be paid under the guidelines of section 505(a)(1) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505(a)(1) (West 1996)) are required in order to review the propriety of the award. *In re Marriage of Carpel*, 232 Ill. App. 3d 806, 820, 597 N.E.2d 847, 857 (1992); *In re Marriage of Douglas*, 195 Ill. App. 3d 1053, 1059-60, 552 N.E.2d 1346, 1350 (1990). Section 505(a)(1) provides guidelines for determining the minimum amount of support, and section 505(a)(2) requires a court to make express findings if deviating from the guidelines. 750 ILCS 5/505(a)(1), (a)(2) (West 1996). Without such findings, we do not know whether $85 per week is a proper amount for Yana to pay in child support to Randall.

To the extent the trial court took into account the fact Randall owed an arrearage under the judgment of dissolution when setting the amount of Yana's support obligation, the doctrine of "unclean hands" is inapplicable because child support is to be awarded without

regard to misconduct on the part of the parent. 750 ILCS 5/505(a) (West 1996). A trial court is obligated to protect the child's best interests in matters of support. *Blisset v. Blisset*, 123 Ill. 2d 161, 167, 526 N.E.2d 125, 128 (1988). As for Randall being in contempt of court due to child support arrearages, the trial court was simply mistaken as to its assessment that Randall was found in contempt of court in Florida. A review of the Florida court documents found in the record indicates a specific finding he was *not in contempt*. He could not be found in contempt in Morgan County in the dissolution proceeding transferred from Macon County because it was not properly before the court in the RURESA proceeding.

For the foregoing reasons, the judgment of the trial court is affirmed as to the imposition of a child support obligation on Yana, reversed as to the setoff of Yana's obligation against any support or arrearage owed by Randall and remanded for findings required by section 505(a) of the Act (750 ILCS 5/505(a) (West 1996)) in setting the amount of the child support Yana owes.

Affirmed in part, reversed in part and remanded.

GARMAN, P.J., and STEIGMANN, J., concur.